## Case No. 9,494.

### In re METCALF et al.

[2 Ben. 78; Bankr. Reg. Supp. 43; 1 N. B. R. 201; 6 Int. Rev. Rec. 223; 1 Am. Law T. Rep. Bankr. 46.] [1]

District Court, S. D. New York. Dec., 1867.

BANKRUPTCY—STAYING PROCEEDINGS IN STATE COURTS—APPEAL.

1. A judgment in a state court against a bankrupt, which has been duly appealed from by him, is not a final judgment under the twenty-first section of the bankruptcy act [of 1867 (14 Stat. 526)].

2. The prosecution of the case, under such appeal, is forbidden to the creditor by that section.

[Approved in Re Leszynsky, Case No. 8,278.]
[Cited in Brandon Manuf'g Co. v. Frazer, 47 Vt. 89.]

3. A motion to compel the bankrupt to furnish new security on such appeal, or abandon the appeal, is embraced within that prohibition.

[In the matter of Benjamin F. Metcalf and Samuel Duncan, bankrupts.] This case came before the court upon a petition filed by Henry D. Brookman and John U. Brookman, for relief from an injunction issued by this court restraining all proceedings in a certain cause pending in the court of appeals of the state of New York, wherein the petitioners were plaintiffs, and one of the bankrupts the defendant. It appeared that the case had been tried, and judgment given for the plaintiffs, which judgment had, however, been appealed from by the defendant, who had given security upon such appeal, as required by law. It also appeared that one of the sureties upon the appeal had become insolvent, and the plaintiffs had, since the commencement of the proceedings in bankruptcy, given notice of a motion to compel the bankrupt to furnish new security, or abandon his appeal; whereupon the bankrupt obtained from this court, in which his petition in bankruptcy had been filed, an injunction staying all proceedings in the cause referred to, which injunction the plaintiffs in that cause now asked to have dismissed.

Owen, Nash & Gray, for the motion.
Emerson & Goodrich, in opposition.

BENEDICT, District Judge. The twenty-first section of the bankruptcy act declares that "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined." This is a very clear provision, the object of which is to prevent a race of diligence between creditors, and to protect the bankrupt from being harassed with suits pending the question of his discharge. It seems to apply to all cases where the personal liability of the debtor is sought

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Am. Law T. Rep. Bankr. 46, contains only a partial report.]

to be fixed or ascertained by a final judgment pending the determination of the question of his discharge, and, in my opinion, it applies to a case like the present, where an action against one of the bankrupts is pending in the court of appeals of the state, to which an appeal had been taken by him prior to the filing of the petition in bankruptcy. In such a case there is no final judgment within the meaning of the bankruptcy act; the debtor's liability has not been finally determined, and there being no final judgment, the bankruptcy act declares that the suit shall stop, pending the determination of the question of the bankrupt's discharge. This option to endeavor to obtain a discharge in bankruptcy, and, failing in that, to defend all undetermined personal actions, is a right given a debtor by the bankruptcy act under the constitution of the United States, and he is entitled to be protected in that right by this court. But it is said that the motion for further security, which has been noticed by the creditor in the actions pending in the court of appeals, is not strictly a proceeding against the bankrupt. I think otherwise. It is just the proceeding which will compel the bankrupt to determine, pending his application for his discharge, whether to defend the suit or allow a final judgment. But the bankruptcy act does not permit him to be forced to decide that question now. It declares that no such suit shall be allowed to proceed until he has had a reasonable time to obtain his discharge, if he can, and the mandate of the act to this court is to stay such a proceeding in whatever court it may be pending. My opinion, therefore, is, that it is the clear duty of this court to maintain the injunction heretofore granted against the petitioners until the bankrupt shall have had a reasonable time to obtain his discharge. What effect the discharge, if obtained, will have upon the proceedings pending in the state courts, I do not undertake to decide. The motion must be denied.